**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 24-CV-81296-ELFENBEIN

**JOHAN PETER JUNTTILA**,

      Plaintiff,

v.

**COMMISSIONER OF**
**SOCIAL SECURITY**,

      Defendant.

_____/

## ORDER ON UNOPPOSED MOTION FOR
## ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

**THIS CAUSE** is before the Court on Plaintiff Johan Peter Juntilla's Unopposed Motion

for Attorney's Fees Under the Equal Access to Justice Act (the "Motion"). *See* ECF No. [26].  In

the Motion, Plaintiff argues that Defendant's position was not "substantially justified" and Plaintiff

is the "prevailing party." *Id.* at 1-3.  Plaintiff asks the Court to award $9,550 in attorney's fees and

he notes Defendant does not object to the number of attorney hours, counsel's hourly rate, or the

total amount of attorney's fees requested. *Id.* at 1. For the reasons explained below, the Motion,

**ECF No. [26]**, is **GRANTED**.

    **I.**     **LEGAL STANDARDS**

    **A. Entitlement to Costs and Fees Under the Equal Access to Justice Act**

Under the Equal Access to Justice Act, the Court may award "a judgment for costs" to "the

prevailing party in any civil action brought" against "any agency or any official of the United

States acting in his or her official capacity." *See* 28 U.S.C. § 2412(a)(1). The Court may also

"award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded

pursuant to subsection (a), to the prevailing party in any civil action brought" against "any agency or any official of the United States acting in his or her official capacity." *See id.* § 2412(b); Pub. L. No. 96-481 §§ 201, 204, 94 Stat. 2321 (1980). In fact, the authorizing statue provides that "a court *shall* award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought . . . against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *See* 28 U.S.C. § 2412(d)(1)(A) (emphasis added).

To receive costs and fees, a party "shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified." *See id.* § 2412(d)(1)(B).

A party is "prevailing" in a Social Security appeal if he wins "a remand order pursuant to sentence four of [42 U.S.C.] § 405(g)." *See Shalala v. Schaefer*, 509 U.S. 292, 300 (1993). A party is "eligible to receive an award," if his "net worth" does "not exceed $2,000,000 at the time the civil action was filed." *See* 28 U.S.C. § 2412(d)(2)(B). And the "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." *See id.* § 2412(d)(2)(D). "Whether or not the position of the United States was substantially justified shall be determined on the basis of

the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." *See id.* § 2412(d)(1)(B).

The Supreme Court has held that Equal Access to Justice attorney's fee awards are payable not to the lawyer but "to the litigant," which means that any such award is subject to "a federal administrative offset if the litigant has outstanding federal debts." *See Astrue v. Ratliff*, 560 U.S. 586, 593, 596 (2010); *Rodriguez*, 2023 WL 3852275, at *4. The litigant may, however, assign his "rights in the fees award to the attorney," *see Astrue*, 560 U.S. at 597, as long as the assignment either complies with the Anti-Assignment Act, 31 U.S.C. § 3727(b), *see Rodriguez*, 2023 WL 3852275, at *4, or the government has waived the Anti-Assignment Act's requirements, *see Arthur Pew Const. Co. v. Lipscomb*, 965 F.2d 1559, 1576 (11th Cir. 1992). If the litigant "does not owe a debt to the government and assigns the right to receive the fees to the attorney," the government will pay the award to the attorney directly. *See Astrue*, 560 U.S. at 597 (quotation marks omitted).

**B. Calculating Attorney's Fee Awards Generally**

To calculate attorney's fee awards, courts generally use the "lodestar" method. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Inj. Treatment Ctr.*, 2022 WL 17325834, at *2. "The most useful starting point for determining the amount of a reasonable fee" using the lodestar method "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (noting that the lodestar is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate" (quoting *Blum v. Stenson,*

465 U.S. 886, 888 (1984))). "[T]here is a 'strong presumption' that the lodestar is the reasonable sum the attorneys deserve." *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565–66 (1986)).

"The first step in the computation of the lodestar is determining the reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (quoting *Norman*, 836 F.2d at 1299). "The general rule is that the relevant market for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." *Barnes*, 168 F.3d at 437. "The party seeking attorney's fees bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates," which requires "more than the affidavit of the attorney performing the work." *Loranger*, 10 F.3d at 781 (citation and quotation marks omitted). Of course, the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."[1] *Id.* (quotation marks omitted).

To aid in determining what reasonable hourly rate applies in each case, the Eleventh Circuit has approved of courts considering "the twelve factors discussed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)." *Id.* at 781 n.6; *see also Norman*, 836 F.2d

---

[1] Indeed, where "there is a lack of documentation or testimonial support the court may make the award on its own experience. Where documentation is inadequate, the district court is not relieved of its obligation to award a reasonable fee, but the district court traditionally has had the power to make such an award without the need of further pleadings or an evidentiary hearing. Likewise, no additional evidentiary hearing or pleadings are required where fee counsel fails to provide evidence on some factor which it contends the court ought to take into account. It is perfectly proper to award attorney's fees based solely on affidavits in the record." *Norman*, 836 F.2d at 1303 (footnote and citations omitted).

4

at 1299.  "The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Hensley*, 461 U.S. at 430 n.3.

"The next step in the computation of the lodestar is the ascertainment of reasonable hours." *Norman*, 836 F.2d at 1301. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434. "In other words, the Supreme Court requires fee applicants to exercise 'billing judgment.'" *Norman*, 836 F.2d at 1301 (quoting *Hensley*, 461 U.S. at 437). "This must necessarily mean that the hours excluded are those that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel.  If it were otherwise, an inexperienced or unskillful attorney would face a double penalty. First, his hourly rate would be lowered and second, his time reduced." *Id.* (emphasis and citation omitted).

The "district court is charged with deducting for redundant hours. Redundant hours generally occur where more than one attorney represents a client. There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Id.* at 1301–02.  The "district court must deduct time spent on discrete and unsuccessful claims." *Id.* at 1302. "When a district court finds the number of hours claimed is

5

CASE NO. 24-CV-81296-ELFENBEIN

unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins*, 548 F.3d at 1350; *see also Hensley*, 461 U.S. at 436–37 ("There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.").

As noted above, the "product" of the reasonable hourly rate and the number of hours reasonably expended on the litigation "is the lodestar." *See Bivins*, 548 F.3d at 1350. After determining the lodestar amount, courts can "adjust the fee upward or downward, including [by considering] the important factor of the results obtained." *Hensley*, 461 U.S. at 434 (quotation marks omitted). "If the result was excellent, then the court should compensate for all hours reasonably expended." *Norman*, 836 F.2d at 1302. "If the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive." *Id.*; *see also Bivins*, 548 F.3d at 1350–51 ("When the number of compensable hours and the hourly rate are reasonable, a downward adjustment to the lodestar is merited only if the prevailing party was partially successful in its efforts."). "A reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Norman*, 836 F.2d at 1302. "Where all theories derive from a common core of operative facts, the focus should be on the significance of overall results as a function of total reasonable hours. It is improper to make the reduction based on a simple ratio of successful issues to issues raised." *Id.* (citation omitted).

"[T]he determination of fees should not result in a second major litigation." *Fox v. Vice*, 563 U.S. 826, 838 (2011) (quotation marks omitted). "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an

6

attorney's time." *Id.* Whatever the court decides, it must "provide a concise but clear explanation of its reasons for the fee award. When an adjustment is requested on the basis of either the exceptional or limited nature of the relief obtained by the plaintiff, the district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained." *Hensley*, 461 U.S. at 437.

### C. Calculating Attorney's Fee Awards in Equal Access to Justice Act cases

When calculating an award of attorney's fees under the Equal Access to Justice Act, the "amount of fees . . . shall be based upon prevailing market rates for the kind and quality of the services furnished." *See* 28 U.S.C. § 2412(d)(2)(A). "[A]ttorney['s] fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *See id.*

The Eleventh Circuit has recognized that the Equal Access to Justice Act "establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step in the analysis" is "to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation," *id.* (alterations adopted, quotation marks omitted), which is the same first step used in the traditional lodestar analysis, *see Loranger*, 10 F.3d at 781; *Norman*, 836 F.2d at 1299. "The second step, which is needed only if the market rate is greater than" $125 "per hour, is to determine whether the court should adjust the hourly fee upward" to "take into account an increase in the cost of living, or a special factor." *See Meyer*, 958 F.2d at 1033–34; 28 U.S.C. § 2412(d)(2)(A).

When performing this rate adjustment, courts in this District have found proposed hourly

CASE NO. 24-CV-81296-ELFENBEIN

rates reasonable when they have relied on cost-of-living increases in the Consumer Price Index. *See, e.g.*, *Rodriguez v. Kijakazi*, No. 21-22170-CIV, 2023 WL 3852275, at *3 (S.D. Fla. May 26, 2023), *R.&R. adopted*, No. 21-22170-CV, 2023 WL 3845131 (S.D. Fla. June 6, 2023) (Williams, J.); *Romero v. Comm'r of Soc. Sec.*, No. 1:21-CV-22246, 2022 WL 2289222, at *3 & n.3 (S.D. Fla. June 14, 2022), *R.&R. adopted*, No. 21-22246-CIV, 2022 WL 2290578 (S.D. Fla. June 24, 2022).

## II.     DISCUSSION

As noted above, the Court must award costs and fees to a party who is prevailing and eligible unless the United States' position in the case was substantially justified or special circumstances make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A)–(B).  The Supreme Court has recognized that a party is "prevailing" in a Social Security appeal if he wins "a remand order pursuant to sentence four of [42 U.S.C.] § 405(g)." *See Shalala*, 509 U.S. at 300. And, by definition, a party is "eligible to receive an award," if his "net worth" does "not exceed $2,000,000 at the time the civil action was filed." *See* 28 U.S.C. § 2412(d)(2)(B).   Moving to the final requirement, Plaintiff must show that the position of the United States was not substantially justified, as the statute mandates.  *See id.* § 2412(d)(1)(B). The Court's analysis of whether the United States' position was substantially justified is based on "the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought."  *See* 28 U.S.C. § 2412(d)(1)(B); *id.* § 2412(d)(2)(D) (noting that the United States' position is both "the position taken by the United States in the civil action" and "the action or failure to act by the agency upon which the civil action is based").

Here, the Court agrees that Plaintiff is the prevailing party because Defendant filed an

unopposed Motion to Remand, which the Court granted pursuant to sentence four of 42 U.S.C. § 405(g) and it thereafter entered Final Judgment in Plaintiff's favor. *See* ECF No. [23], ECF No. [24], ECF No. [25]. Plaintiff also meets the financial qualifications as the Court has already determined that he is indigent based on his Motion to Proceed In Forma Pauperis, submitted under oath, which reveals that his net worth was less than $2,000,000 at the time of the filing of the civil action. *See* ECF No. [3]; ECF No. [4]. The record here further supports the last factor (that Defendant's position was not substantially justified) as Defendant itself requested the remand pursuant to sentence four of § 405(g), *see* ECF No. [23]. *See* 28 U.S.C. § 2412(d)(1)(A)–(B). Also supporting such a conclusion is the fact that Defendant failed to argue that its position was substantially justified; instead, Defendant did not oppose the Motion. *See* ECF No. [26] at 1. On the other hand, the record does not reveal any special circumstances that would make an award unjust. *See id.* As a result, the Court finds that Plaintiff has met all the requirements for an award of costs and fees under the Equal Access to Justice Act. *See id.* § 2412(a)(1), (b), (d)(1)(B).

The only remaining step, then, is for the Court to calculate the appropriate amount of attorney's fees. Fee awards under the Equal Access to Justice Act must be "based upon prevailing market rates for the kind and quality of the services furnished." *See* 28 U.S.C. § 2412(d)(2)(A). The hourly rate used to determine those fees cannot be more than "$125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." *See id.* Plaintiff seeks attorney's fees for time billed by his lawyer, David B. Goetz,[2] at a rate of $250 per hour. *See* ECF No. [26] at 1. To evaluate whether Goetz's requested hourly rate is reasonable,

---

[2] Plaintiff's Motion provides information regarding Goetz's experience and qualifications in the area of social security disability law, which he has been practicing since 1994. *See* ECF No. [26] at 4-5. Mr. Goetz explained that he "has been referenced in Westlaw for Social Security disability cases a total of 948 times between 2007 through the date of this petition" and that from 2019 to 2025, he "has obtained 264 Voluntary Remands from the Commissioner pertaining to cases initiated within various District Courts nationally." *Id.*

CASE NO. 24-CV-81296-ELFENBEIN

the Court must first determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation. *See Meyer*, 958 F.2d at 1033.

After reviewing hourly rates that courts in this District have found reasonable in recent similar cases, *see Hensley*, 461 U.S. at 430 n.3, and in view of the Court's own knowledge and experience as a practitioner in this District for almost twenty years, *see Norman*, 836 F.2d at 1303, the Court finds that the market rate is greater than $125 per hour. In a 2023 decision, for example, Magistrate Judge Sanchez found reasonable an hourly rate of "$217.54 for 2021 and $234.95 for 2022 and 2023," *see Rodriguez*, 2023 WL 3852275, at *2, and that finding was later adopted by District Judge Williams, *see Rodriguez*, 2023 WL 384513, at *1. Similarly, in a 2022 decision, then-Magistrate Judge Becerra found reasonable an hourly rate of "$217.54 for 2021 and $225.71 for 2022," *see Romero*, 2022 WL 2289222, at *3 & n.3, and that finding was later adopted by District Judge Martinez, *see Romero*, 2022 WL 2290578, at *1. Those findings support a conclusion that the market rate for Social Security matters is greater than $125 per hour.

As a result, the Court moves to the second step of the analysis: determining whether to adjust the hourly fee upward to account for a cost-of-living increase or another special factor. *See Meyer*, 958 F.2d at 1033–34; 28 U.S.C. § 2412(d)(2)(A). In evaluating adjustments of hourly rates, courts in this District have found that using data from the Consumer Price Index is appropriate, *see, e.g.*, *Rodriguez*, 2023 WL 3852275, at *2; *Romero*, 2022 WL 2289222, at *3 & n.3. Following that lead, the Court finds Goetz's proposed hourly of $250 per hour reasonable because it accurately reflects a factually warranted rate adjustment to the $125 statutory rate for the increase in the cost of living based on the Consumer Price Index.

Moving to the second step in the lodestar analysis, which this Circuit uses to determine attorney's fee awards both generally, *see Norman*, 836 F.2d at 1299, and in the Equal Access to

CASE NO. 24-CV-81296-ELFENBEIN

Justice Act context, *see Rodriguez*, 2023 WL 3852275, at *3; *Romero*, 2022 WL 2289222, at *3 & n.3,  the Court must determine the number of hours reasonably expended on the litigation, *see Barnes*, 168 F.3d at 427.  Plaintiff notes that Goetz spent 38.2 hours on this case, *see* ECF No. [26] at 1-2, and he includes a detailed breakdown of the tasks Goetz performed, when he performed those tasks, and how long each task took, *see* ECF No. [26] at 1-2.  The Court has reviewed Goetz's time entries, and based on its own knowledge and expertise, the Court finds that the 38.2 hours Goetz expended in prosecuting this action are reasonable. *See Norman*, 836 F.2d at 1303; *Rodriguez*, 2023 WL 3852275, at *3; *Romero*, 2022 WL 2289222, at *3.

The final step in the lodestar analysis is simply to multiply the number of hours Goetz reasonably expended on the litigation by his reasonable hourly rate.  *See Hensley*, 461 U.S. at 433; *Barnes*, 168 F.3d at 427. Multiplying 38.2 hours by $250 per hour equals $9,550, which is the lodestar. *See Hensley*, 461 U.S. at 433; *Bivins*, 548 F.3d at 1350; *Barnes*, 168 F.3d at 427. It is also the attorney's fees amount Plaintiff requests.  *See* ECF No. [26] at 1.  Although the Court can adjust the lodestar amount upward or downward, *see Hensley*, 461 U.S. at 434, the Court finds that $9,550 is the reasonable sum Goetz deserves, *see Bivins*, 548 F.3d at 1350 (noting that there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve).

Plaintiff notes that he has assigned his award to Goetz, *see* ECF No. [26] at 1, 5-6, and requests that payment be made directly to him, *see* ECF No. [26] at 6, which he is permitted to do, *see Astrue*, 560 U.S. at 596–97.  Because Defendant does not object to Plaintiff's assignment or request, the Court finds that Defendant has waived the requirements of the Anti-Assignment Act. *See Rodriguez*, 2023 WL 3852275, at *4; *Lipscomb*, 965 F.2d at 1576.

Accordingly, Plaintiff's Motion, **ECF No. [26]**, is **GRANTED.** Plaintiff is **AWARDED** $9,550 in attorney's fees under the Equal Access to Justice Act to be paid to Goetz, subject to

CASE NO. 24-CV-81296-ELFENBEIN

offset against any pre-existing debt that Plaintiff may owe to the United States.

**DONE AND ORDERED** in Chambers in Miami, Florida on July 23, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record